McLUCAS, P. J.
The defendants were charged with offering for sale grapefruit in boxes containing fifteen or more per cent of a serious frost damage, and upon conviction appealed from the judgment. The California Fruit, Nut and Vegetable Standardization Act, in section 12 thereof, provides that it shall be unlawful to offer for sale any fruits which do not comply with all the requirements of the act. In section 20 of the act, as amended in 1929, it is *785 provided that all citrus fruits when being offered for sale shall conform to the following standard:
“Citrus fruits shall be . . . virtually free from marked evidence of freezing injury ...
“Virtually ‘free from marked evidence of freezing injury’ means that not more than fifteen per cent, by count, of the citrus fruits in any one container, or in any lot in bulk, may show marked evidence of freezing injury, which is hereby defined as a water-soaked appearance or evidence of previous water-soaking, or the presence of crystals or crystalline deposit, on the two surface membranes of each of two or more segments, as shown on the separation of the segments one from another, of a section, not less than one inch or more than one and one-half inches in thickness, of the central portion of the fruit, obtained by cutting off a portion of each end—the evidence of freezing injury to show for the entire length but not necessarily the entire area of the surface membranes; or a drying or desiccation in twenty per cent or more of the exposed pulp as shown on a transverse cut through the center.”
The evidence offered by the prosecution was insufficient to meet the foregoing tests of evidence of freezing injury. There is no testimony that the fruit showed a water-soaked appearance or evidence of a previous water-soaking. It was testified by the arresting officer that the defendants displayed in front of their store a box' of grapefruit containing 110 grapefruit; that he cut no more than 10 of these grapefruit and found about half of those cut had evidence of frost; that he could tell the grapefruit were frozen by their lack of weight; and that the box of fruit in question contained frozen fruit in excess of fifteen per cent of the amount of the whole. Since less than fifteen per cent of the fruit was opened, cut or examined in the manner required by law, as hereinbefore set forth, the evidence was insufficient to support the judgment of conviction. The law provides the exact manner of determining whether certain fruit is virtually free from marked evidence of freezing injury, and does not include any method of determining such by lack of weight or by the opinion or belief of the arresting officer.
The constitutionality of the act has not been attacked in this case, but we have heretofore held the act to be con *786 stitutional as to other portions thereof in People v. Mefford & Waldman,* Cr. A. 356. Our opinion of the constitutionality of the act was confirmed by the views expressed in the opinion of the Supreme Court in In re Mefford, 110 Cal. App. 1, 9 [299 Pac. 58], upon a hearing after judgment in the District Court of Appeal that the' act was unconstitutional. (In re Mefford, 110 Cal. App. 1 [292 Pac. 988].) A rehearing has now been granted by the Supreme Court upon a petition raising the sole question, as we are informed, of the lack of. jurisdiction of the Supreme Court to grant a hearing. Further, the act contains a provision in section 39 thereof as follows:
“If any section, subsection, sentence, clause or phrase of this act is for any reason held to be unconstitutional, such decision shall not affect the validity of the remaining portions of this act. The legislature hereby déclares that it would have passed this act, and each section, subsection, sentence, clause or phrase thereof irrespective of the fact that any one or more sections, subsections, sentences, clauses or phrases be declared unconstitutional.”
The judgment is reversed, the cause remanded to the municipal court for a new trial in accordance herewith.
Shaw, J., and Yankwich, J., pro tem., concurred.

 Reporter’s Note.—No opinion; memorandum decision.